**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 13-12693 |
| BAKER SALES, INC., | § § | CHAPTER 7 |
| DEBTOR. | § § § | SECTION A |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *Motion for Summary Judgment by Newtek Small Business Finance, LLC,* and the accompanying memorandum in support and statement of uncontested facts (collectively, the "Motion"), [ECF Doc. 127], filed by creditor Newtek Small Business Finance, LLC ("Newtek"), and the Opposition filed by Baker Sales, Inc. ("BSI") and Elsa M. and Robert A. Baker (the "Bakers"), the officers and shareholders of BSI, [ECF Doc. 137]. For the reasons discussed below, the Motion is **GRANTED**.

**JURISDICTION AND VENUE**

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b)(2)(A), (B) & (O). Venue is proper pursuant to 28 U.S.C. § 1408.

# BACKGROUND

The following facts are undisputed and taken primarily from the record in this case.[1]

**A. BSI's Bankruptcy Case**

On September 30, 2013, BSI filed a petition for bankruptcy relief under chapter 7. [ECF Doc. 1]. On October 23, 2013, the chapter 7 trustee notified creditors of the need to file proofs of claim due to the recovery of assets of the estate. [ECF Docs. 6–7]. On November 7, 2013, Newtek timely filed a proof of claim, asserting a secured claim of $3,044,569.46 against BSI's estate. *See* Proof of Claim No. 5. On December 5, 2013, the Court granted Newtek's request and entered an Order lifting the stay to allow Newtek to foreclose on certain commercial real estate serving as collateral to secure repayment of BSI's debt to Newtek. [ECF Doc. 19]. The foreclosure sale occurred on October 8, 2014 (the "Foreclosure Sale"). *See* Newtek Statement of Uncontested Facts, ¶ 9. After the Foreclosure Sale of that collateral, Newtek amended its proof of claim on July 13, 2015, to assert an unsecured deficiency claim of $2,963,439.46 against the estate. *See* Amended Proof of Claim No. 5.

Because no party in interest objected to Newtek's Amended Proof of Claim, Newtek's $2,963,439.46 unsecured claim was allowed pursuant to 11 U.S.C. § 502(a) and the chapter 7 trustee distributed $24,831.00 to Newtek. [ECF Docs. 62 & 69]. After issuing an Order approving the chapter 7 trustee's final report and account, the Court issued an Order on September 27, 2016, closing the case. [ECF Docs. 66 & 70].

---

[1] In considering a motion for summary judgment, a court may take judicial notice of its own records. *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981); *First Bank & Tr. v. Scottsdale Ins. Co.*, No. 14-2017, 2015 WL 5559829, at *2 (E.D. La. Sept. 21, 2015).

### B. BSI's Bankruptcy Case Is Reopened

Upon request of the United States Trustee, the Court issued an Order reopening BSI's bankruptcy case on March 25, 2019, to allow the reappointed chapter 7 trustee to administer recently discovered assets. [ECF Doc. 72]. According to the pleading filed by the United States Trustee:

> Since the closing [of the bankruptcy case], the United States Trustee has received information that assets may exist that were not administered during the bankruptcy proceeding. Specifically, the estate has a potential interest in settlement proceeds relating to a BP Oil Spill Economic and Property Damage Claim, with a gross amount of $6,400.31, which was not included in the originally filed bankruptcy schedules.

[ECF Doc. 71]. The chapter 7 trustee was also able to recoup payment on a default judgment in BSI's favor in the amount of $28,974.85. [ECF Doc. 79].

But on November 26, 2019, BSI and the Bakers objected to Newtek's Amended Proof of Claim (the "Claim Objection"). [ECF Doc. 98]. Through the Claim Objection, BSI and the Bakers challenge the validity and amount of Newtek's unsecured claim and further object to the distribution Newtek received from the chapter 7 trustee in 2016. *Id*. BSI and the Bakers assert that, under the Louisiana Deficiency Judgment Act ("LDJA"), Newtek's unsecured deficiency claim should be extinguished as of October 8, 2014, the date of the Foreclosure Sale, because Newtek had allegedly foreclosed on BSI's commercial real estate using Louisiana's executory process without appraisal. *See id*. The Bakers and Newtek have been litigating the issue in a state court foreclosure action against residential property of the Bakers (the guarantors of the BSI debt owed to Newtek), and in 2018, a state court deemed Newtek's debt legally unenforceable under the LDJA, though that ruling is presently being considered on appeal. *See id*.

The hearing on the Claim Objection was initially set for January 15, 2020, but was continued several times at the request of the parties and based upon the premise that the state

3

court's deliberations might resolve certain questions of state law that could assist in resolving the Claim Objection. [ECF Docs. 104, 106, 113, 115, 120, 122].[2] The Scheduling Order of May 24, 2021, set the evidentiary hearing on the Claim Objection for Friday, December 10, 2021, and also set certain pretrial deadlines, including a deadline for dispositive motions to be filed and served not later than Tuesday, October 26, 2021. [ECF Doc. 122]. Newtek filed the Motion on October 26, 2021, and noticed it for hearing on November 17, 2021. [ECF Docs. 127 & 128].

On November 8, 2021, BSI and the Bakers filed a motion to continue the evidentiary hearing and the deadline to file and serve dispositive motions. [ECF Doc. 132]. Newtek opposed the motion for a continuance. [ECF Doc. 140]. After a hearing on November 15, 2021, the Court issued an Order continuing the evidentiary hearing on the Claim Objection to March 14, 2022, but declined to reset the deadline for filing and serving dispositive motions. [ECF Doc. 141].

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* FED. R. BANKR. P. 7056. Indeed, "[s]ummary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at

---

[2] This case was initially allotted to another section of this Court. On or about September 1, 2020, the case was reassigned to the undersigned.

trial." *In re Betteroads Asphalt, LLC*, 594 B.R. 516, 541 (Bankr. D.P.R. 2018) (citing *Celotex Corp.*, 477 U.S. at 322). "Summary judgment [should be granted] when the pleadings and evidence demonstrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *see also Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *See Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court views the facts and evidence in the light most favorable to the non-moving party. *See City & Cnty. of S.F., Cal. v. Sheehan*, 575 U.S. 600, 603 (2015).

But "[a] party's standing to pursue a claim is a threshold issue in federal litigation because it determines 'the propriety of judicial intervention.'" *Herendeen v. Regions Bank (In re Able Body Temporary Servs., Inc.)*, 626 B.R. 643, 679 (Bankr. M.D. Fla. 2020) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). As explained by one court:

> Although under Rule 56 of the Federal Rules of Civil Procedure, the Court may not, without adequate notice, grant summary judgment with respect to any claims beyond those claims for relief requested by the parties on motion for summary judgment, the Court may, nevertheless, raise and dismiss a claim sua sponte if the plaintiff lacks standing to assert the claim. Lack of standing to pursue a claim affects the Court's subject matter jurisdiction and should be raised by the Court *sua sponte* if not otherwise addressed by the parties.

*Thomas v. Causey (In re Causey)*, 519 B.R. 144, 149–50 (Bankr. M.D.N.C. 2014) (internal citations omitted). "In other words, because lack of standing is a jurisdictional bar, a court may consider questions of standing *sua sponte* at any time, even on appeal and even if not raised as an issue in the original proceedings." *In re Able Body Temporary Servs., Inc.*, 626 B.R. at 680.

5

B.     BSI and the Bakers Lack Standing To Object to the Amended Proof of Claim

Section 502 of the Bankruptcy Code states that a claim is allowed unless a "party in interest" objects. 11 U.S.C. § 502(a). Although "party in interest" is not defined in the Code, "a 'party in interest' must have a personal stake in the outcome of the controversy" as "federal courts are empowered to hear only cases or controversies." *In re I & F Corp.*, 219 B.R. 483, 484 (Bankr. S.D. Ohio 1998) (citations omitted); *see also In re Manshul Constr. Corp.*, 223 B.R. 428, 429 (Bankr. S.D.N.Y. 1998) ("The term 'party in interest' is not defined in either the Code or the Federal Rules of Bankruptcy Procedure, but the phrase has generally been interpreted in a Chapter 7 case to refer to creditors of the debtor who have claims against the estate and whose pecuniary interests are directly affected by the bankruptcy proceedings." (internal quotations and citation omitted)).[3] "Unless the estate is solvent and there will be a distribution to the debtor, the debtor has no pecuniary interest in the reduction of a filed claim." *In re I & F Corp.*, 219 B.R. 484 (citations omitted).

It is true that courts have found that chapter 7 debtors have standing in instances where the trustee, who has the duty under 11 U.S.C. § 704(a)(5) to "examine proofs of claim and object to the allowance of any claim that is improper," has unjustifiably refused to object to a claim. *See In re Curry*, 409 B.R. 831, 838 (Bankr. N.D. Tex. 2009) (citation omitted). But generally, "[t]he vast majority of courts have held that a chapter 7 trustee alone may file objections to proofs of claim." *In re I & F Corp.*, 219 B.R. at 484 (citing cases). Indeed "[t]o permit [chapter 7] debtors to assume that responsibility would permit them to usurp the trustee's authority and to require the courts to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate." *Id*. at 485 (citation omitted). "It also serves to control the costs of

---

[3]     The Bankruptcy Code specifically includes a chapter 11 debtor as a "party in interest," *see* 11 U.S.C. §§ 1109(b) & 1121(c), but there is no such inclusion in chapter 7.

estate administration." *Id*. Thus, BSI lacks standing to object to Newtek's Amended Proof of Claim.

The Bakers, likewise, lack standing to object to Newtek's Amended Proof of Claim. The Bakers filed no proofs of claim against the estate, although Robert Baker scheduled himself as a creditor on BSI's schedules. [No. 13-12693, ECF Doc. 1]. "However, even if they were creditors, there is no clear consensus on whether a creditor has standing to object to claims of other creditors in a Chapter 7 case," in light of § 704(a)(5)'s directive to the chapter 7 trustee to investigate and object to proofs of claim. *In re Manshul Constr. Corp.*, 223 B.R. at 430. "As a majority rule, courts . . . have limited the right of a general creditor to object to a claim of another creditor . . . in order to promote a more orderly administration of the estate." *Id*. (internal quotation and citation omitted).

Here, although the presence of a surplus may have conferred standing upon BSI or the Bakers to object to Newtek's proof of claim, no possibility of a surplus has ever been asserted in this case. Rather, the Debtor's 2013 schedules indicated that its liabilities far exceeded its assets, [No. 13-12693, ECF Doc. 1], and that reality was borne out by the record of the chapter 7 trustee's final report and account, [No. 13-12693, ECF Doc. 62, Ex. C]. No party has asserted that the chapter 7 trustee unjustifiably refused to object to Newtek's proof of claim before or after it was amended. Thus, BSI and the Bakers have no standing to object to Newtek's Amended Proof of Claim and the claim objection must be overruled.

### C. The Court Declines To Allow BSI and the Bakers the Opportunity To Object to the Amended Proof of Claim Pursuant to the Law-of-the-Case Doctrine

Even if BSI and the Bakers possessed standing to object to Newtek's Amended Proof of Claim, the Court will not revisit its final Order allowing Newtek's Amended Proof of Claim.

"The law of the case doctrine is a judicial doctrine that promotes finality and efficiency in the judicial process by encouraging courts to follow their own decisions within any given case." *In re Pilgrim's Pride Corp.*, 442 B.R. 522, 529 (Bankr. N.D. Tex. 2010) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988)). "[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson*, 486 U.S. at 816 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine "was developed to 'maintain consistency and avoid [needless] reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993) (quoting 18 CHARLES ALAN WRIGHT, ET. AL., FEDERAL PRACTICE AND PROCEDURE § 4478, at 788 (1981)).

"The law of the case doctrine is not a limit on a court's power, but rather a guide as to how a court should apply its discretion." *In re Pilgrim's Pride Corp*, 442 B.R. at 531. "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona v. California*, 460 U.S. at 618 n.8). The Fifth Circuit instructs that a court should generally refuse to revisit its own decisions "unless (i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work manifest injustice." *Royal Ins. Co. of Am.*, 3 F.3d at 880 (internal quotations and citation omitted).[4]

---

[4] At this time, Newtek asserts that the Claim Objection is barred by the doctrine of *res judicata* because it was not filed before BSI's chapter 7 case was closed. *See* Motion, at 3–7. But "[r]es judicata and the law of the case doctrine are distinctly different legal concepts and may be applied differently." *In re Pilgrim's Pride Corp.*, 442 B.R. at 530. "While *res judicata* has very specific requirements, tests which

8

BSI and the Bakers do not contest the facts that no party in interest objected to Newtek's Amended Proof of Claim prior to the case being closed in 2016. "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C § 502(a). "[A]lthough a claim is 'deemed allowed' if no party in interest objects, such a determination is not final until the conclusion of the case." *In re Jack Kline Co.*, 440 B.R. 712, 741 (Bankr. S.D. Tex. 2010). "Proofs of claim themselves are not final judgments giving rise to res judicata, but a court's allowance or disallowance of a proof of claim is a final judgment." *Id*. Indeed, the Fifth Circuit has "establish[ed] that an order allowing a proof of claim is . . . a final judgment." *Bank of Lafayette v. Baudoin (In re Baudoin),* 981 F.2d 736, 742 (5th Cir. 1993); *accord Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 530–31 (9th Cir. 1998) ("[W]e see § 502(a) as a recognition of the fact that people can raise objections and litigate them, if they see something wrong with a claim, but if they do not, the claim will be treated in all respects as a claim allowed by the court itself. In short, the validity of the claim has been determined on the merits, and attacks upon it that 'could have been asserted' cannot be raised in later proceedings.").

Here, the Court entered an Order in 2016 approving the chapter 7 trustee's final report and account of the administration of the estate, which identified allowed proofs of claim and distributions made. [ECF Doc. 66]. Shortly afterward, the Court entered an Order dismissing the case. [ECF Doc. 70]. Newtek's Amended Proof of Claim was deemed allowed and became a final judgment when the Court entered the Order closing the case in 2016. In March of 2019, the Court

---

much be met for its successful invocation, the law of the case doctrine is an 'amorphous concept.'" *Id*. (citing *Arizona v. California*, 460 U.S. at 618). "In the bankruptcy context, the law of the case doctrine should be applied to disputes arising in the main bankruptcy case as well as all of its related adversary proceedings." *In re Pilgrim's Pride Corp*., 442 B.R. at 530. "The doctrine of *res judicata*, on the other hand, is applied where the same dispute is posed to a court as was (or should have been) adjudicated in a prior proceeding before that or another (not necessarily coordinate) court." *Id.*

reopened BSI's case under § 350(b) at the request of the United States Trustee to administer newly recovered assets on behalf of the estate. BSI and the Bakers took that opportunity to object to Newtek's Amended Proof of Claim under the LDJA, even though they should have or could have known of any alleged deficiencies in Newtek's foreclosure procedure during the bankruptcy case, since the Foreclosure Sale occurred on October 8, 2014—just shy of two years before BSI's bankruptcy case was closed on September 27, 2016. BSI and the Bakers have presented no argument as to why this Court should revisit its final Order allowing Newtek's Amended Proof of Claim and, therefore, the Court declines to do so pursuant to the law-of-the-case doctrine.[5]

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the *Motion for Summary Judgment by Newtek Small Business Finance, LLC* is **GRANTED**;

**IT IS FURTHER ORDERED** that the Claim Objection filed by BSI and the Bakers is **OVERRULED**;

**IT IS FURTHER ORDERED** that the evidentiary hearing set for March 14, 2022, at 9:00 A.M. is **CANCELLED**;[6]

**IT IS FURTHER ORDERED** that counsel for Newtek shall serve a copy of this Order on the required parties who will not receive notice through the ECF System pursuant to the Federal

---

[5] The Opposition to the Motion does not appear to recognize that the Court already ruled on Newtek's Amended Proof of Claim in September 2016 when BSI's bankruptcy case was closed. *See* Opposition, at 4 ("Counsel for BSI contacted counsel for Newtek in June 2019 and requested that Newtek voluntarily withdraw its proof of claim."). Instead, the Opposition to the Motion focuses primarily on the merits of the Claim Objection under the LDJA.

[6] For the avoidance of doubt, the Court's ruling here regards the challenge to the treatment of Newtek's Amended Proof of Claim filed in BSI's bankruptcy case. It is not a ruling on any claims or defenses between Newtek and the guarantors of BSI's debt under the LDJA.

Rules of Bankruptcy Procedure and the Local Bankruptcy Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, this 7th day of February, 2022.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE